**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| NATOMA CORP., | ) | |
| Plaintiff, | ) ) | **CIVIL ACTION** |
| v. | ) ) | No. 09-1161-MLB |
| EPICOR SOFTWARE CORPORATION[1], | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Before the court are defendant's motion for summary judgment (Doc. 29) and memorandum in support (Doc. 30), plaintiff's response (Doc. 48), and defendant's reply (Doc. 49). Defendant's motion for partial summary judgment is granted on the claim for lost employee time. Defendant's motion for summary judgment on all other claims and causes of action is denied.

**I. FACTS**

Several of the facts are controverted. The court views all controverted facts in the light most favorable, along with all favorable inferences, to plaintiff. See Hall v. United Parcel Serv., No. Civ. A. 992467-CM, 2000 WL 1114841, at *5 (D. Kan. July 31, 2000) (citing Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)). To the extent relevant, the factual disagreements between the parties will be noted.

Natoma is a manufacturing company that produces made-to-order

---

[1] In its motion for summary judgment defendant notes that Epicor, Inc., the named defendant, is not the proper name for its company. Defendant's proper name is Epicor Software Corporation. The parties are directed to make this change in the supplemental pretrial order.

parts for its customers. Epicor is a company that licenses software. Natoma formerly used, and again uses, a software program called EstiTrack to manage certain manufacturing operations within its sole plant in Norton, Kansas. During October 2006, Natoma experienced frustration with EstiTrack's customer service and considered switching from EstiTrack to either Epicor's software called Vista or a product named "Job Boss." Vista was comprised of various "modules," which enabled a customer to pick and choose which functionalities they desired in their software package. Natoma claims it relied on statements made during Epicor's demonstrations of Vista, both live and on the web, and the decision to license Vista was based upon the entire package as demonstrated.

On September 4, 2007, Natoma's President and majority owner executed the contract to license Vista. The contract incorporated both an Order Form and a Professional Services Engagement Form that listed the various modules and software components that Natoma was licensing from Epicor. The Professional Services Engagement Form contained contractual provisions, such as a limitation of liability and indemnification provision, and recognized the contract was "complete and constitutes the entire agreement." Natoma claims the items on the Order Form were chosen with the help of Epicor's representative and Natoma was never advised there were advanced modules that had been shown in the demonstration but not recommended at the time of purchase.

On August 31, 2007, Epicor provided Natoma with the software and it was discovered that Natoma would need a new server to run the software. Natoma claims to have purchased the new server and that the

software was remotely installed after additional new software was provided by Epicor.

The contract provided for a "Six (6) Month Remote Implementation Program," which included remote installation, a tutorial of the software, online help, several workbooks and eLearning classes. Epicor provided training for Natoma employees but Natoma was never able to fully and successfully use Vista. Ultimately, Natoma decided to return to the EstiTrack software Epicor's software was intended to replace.

Natoma eventually sued Epicor alleging breach of contract, fraudulent representations and violations of the Kansas Consumer Protection Act. Epicor has denied Natoma's claims and has counterclaimed for unpaid invoices (Pretrial Order, Doc. 24).

**II. STANDARD**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. <u>Adamson v. Multi Community Diversified Svcs., Inc.</u>, 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether,

in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. ANALYSIS**

Epicor's motion for summary judgment asserts that Natoma received exactly what was agreed upon in the contract documents. Natoma responds that the modules and training it received were not what was bargained for or demonstrated by Epicor. It does appear that a genuine factual dispute exists on this point although it is difficult to identify from the pretrial order and the motion papers exactly what it is. As to the claims of fraudulent misrepresentation, the pretrial order merely states that "representations about the software were not true." There is no detail regarding what the representations were or why they were not true. Finally, while the pretrial order alludes to violations of the Kansas Consumer Protection Act, KSA 50-623, et seq., neither the pretrial order nor the moving papers specify what provisions of the Act were violated or the facts constituting the supposed violations. Clearly, summary judgment is not appropriate at this time.

The parties are directed to submit a supplemental pretrial order which corrects the aforesaid deficiencies. The supplemental order must delineate with specificity how the contract was breached, what false representations were made and how the Consumer Protection Act was violated. Epicor may respond accordingly. In addition, the parties shall submit a set of proposed instructions and trial briefs

-4-

on the admissibility of parol evidence (assuming Natoma seeks to offer such evidence). The submissions are to be filed no later than August 1, 2011 with the exception of Epicor's response to Natoma's trial brief, which is due no later than August 15, 2011. Epicor may not file a supplemental dispositive motion. Instead, the case is set for trial to a jury of eight persons commencing September 20, 2011 at 9:00 a.m.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __24th__ day of June 2011, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot
UNITED STATES DISTRICT JUDGE